**Margaret E. SNYDER, also known as Peg Snyder, Appellant,**

v.

**Charles HARRIS and Earl W. Kirchhoff, Appellees.**

**No. 18881.**

United States Court of Appeals Eighth Circuit.

Feb. 27, 1968.

Rehearing Denied March 22, 1968.

* Of the Fifth Circuit, sitting by designation.

Hyman G. Stein, St. Louis, Mo., for appellant; Charles Alan Seigel, St. Louis, Mo., on the brief.

James L. Zemelman, St. Louis, Mo., for appellees; Morris A. Shenker and Cordell Siegel, St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, MATTHES, Circuit Judge, and HARRIS, District Judge.

**PER CURIAM.**

Plaintiff, appellant herein, filed this class action pursuant to amended Rule 23, Fed.R.Civ.P., effective July 1, 1966.

Upon motion of the defendants the district court, Honorable Roy W. Harper, Chief Judge, dismissed the action on the ground that the damages claimed by appellant, exclusive of interest and costs, did not exceed the $10,000.00 jurisdictional amount requisite for diversity jurisdiction under 28 U.S.C. § 1332. Snyder v. Harris, 268 F.Supp. 701 (E.D. Mo.1967).

The pertinent allegations of the complaint are fully incorporated in Judge Harper's opinion and need not be restated here.

The sole question for determination is whether amended Rule 23 allows the plaintiff in a class action to aggregate her claim with those of other class members whom she represents for purposes of satisfying the jurisdictional amount under Section 1332.

Appellant cites no authority in support of her position, except the suggestion of Professor Charles Alan Wright in 2 Barron & Holtzoff, Federal Practice and Procedure § 569 (Supp.1967, at 106) that it would be convenient to hold that since a judgment rendered in a class action is binding under the amended rule on the entire class, the claims for or against the whole class are in controversy and therefore should be aggregated to satisfy the jurisdictional amount. We are not persuaded from our study of amended Rule 23 and the Advisory Committee notes to conclude that the amendment of the Rule was designed to or did in fact change the substantive law proscribing the aggregation of separate and distinct claims in a class action for purposes of conferring jurisdiction under Section 1332.

On the basis of the district court's soundly reasoned opinion and the opinion of the Fifth Circuit in Alvarez v. Pan American Life Insurance Company, 375 F.2d 992 (5th Cir.1967), cert. denied, 389 U.S. 827, 88 S.Ct. 74, 19 L.Ed.2d 82 (1967), we affirm.