**The GAS SERVICE COMPANY,**
Appellant,

v.

**Otto R. COBURN, on behalf of himself and all others similarly situated,**
Appellee.

No. 9635.

United States Court of Appeals
Tenth Circuit.

Feb. 23, 1968.

Rehearing Denied March 26, 1968.

Gerrit H. Wormhoudt, Wichita, Kan. (Robert L. Coleman, Kansas City, Mo., Kirke W. Dale, Arkansas City, Kan., and Paul R. Kitch, Wichita, Kan., were with him on the brief) for appellant.

William V. Crank, Wichita, Kan. (D. Arthur Walker and Richard E. Cook, George B. Collins, Robert Martin, K. W. Pringle, Jr., W. F. Schell, Robert M. Collins, W. L. Oliver, Jr., Tom C. Triplett, Wichita, Kan., Thomas M. Burns and Peter J. Wall, Denver, Colo., were with him on the brief) for appellee.

Before WOODBURY *, LEWIS and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This is an interlocutory appeal authorized in compliance with 28 U.S.C. § 1292 (b) to allow appellate consideration of an order of the District Court for the District of Kansas denying appellant's (defendant's) motion to dismiss appellee's (plaintiff's) complaint for lack of jurisdiction. The determinative question is whether under Rule 23, Fed.R. Civ.P., as amended in July 1966, aggregation of several and distinct claims is permitted for the purpose of satisfying the diversity jurisdictional amount requirement of 28 U.S.C. § 1332 where a class action under the amended rule is otherwise appropriate.

This action was brought by plaintiff, on behalf of himself and all others similarly situated, against defendant to recover back all amounts allegedly unlawfully charged by defendant for gas sold to customers for consumption outside the city limits of various Kansas municipalities. Defendant's charges are said to be revenues on city franchise rights imposed in addition to a volume charge for gas and are alleged to have been arbitrarily extended and charged to customers residing outside city limits. Plaintiff is such a customer and is one of a class of more than 18,000 other customers similarly situated. The complaint contains conclusionary allegations that joinder of the numerous class members is impractical, that plaintiff's claim is typical of the claims of the class members, that questions of law and fact are common to the class, that the action will fairly and adequately protect the interests of the class, and that the action is cognizable under Rule 23. It is conceded that neither plaintiff nor any member of the class has an individual claim exceed-

* Of the First Circuit, sitting by designation.

ing $10,000, and that such individual claims are variable in amount [1] but would aggregate to more than $10,000.

The trial court found, and it seems indisputable, that plaintiff's action definitively meets each prerequisite to a class action as presently set out in Rule 23 (a) and one or more of the additional requirements of 23(b).[2] The class is numerous, a single question of law is presented common to the class, the claim of the class and any defense thereto is typical, and the interests of the class will be adequately protected. So, too, it is apparent that a class action is superior to other available methods for a fair and efficient adjudication of the controversy. The class has a high degree of cohesion and the stake of each individual is so small that separate suits are obviously impractical. In mixed terms, it may be said that pragmatically the case presents an ideal class action.

Because the claims of the individuals constituting the class in the case at bar are neither "joint" nor "common" this action under Rule 23 before amendment [3] would not have been classified as a "true" class action and aggregation of claims would not have been permitted. *See* Aetna Ins. Co. v. Chicago, Rock Island & Pac. R. R., 10 Cir., 229 F.2d 584. The Fifth Circuit in Alvarez v. Pan American Life Ins. Co., 375 F.2d 992, has held that this result is still dictated after adoption of the new rule. Cit-

---

1. By affidavit in support of the motion to dismiss, defendant asserts that the total collected from plaintiff for franchise taxes was $7.81.

2. The amended Rule 23 provides in part:
"(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of
(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

3. The rule then provided in pertinent part:
"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is
(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;
(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or
(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

ing Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001, and in reliance upon the compulsion of Rule 82, Fed.R.Civ.P.,[4] the Fifth Circuit reasoned that to hold otherwise would result in the expansion of federal jurisdiction, as Judge Bell aptly phrases it, in "a *sub silentio* manner." 375 F.2d at 995. We must respectfully disagree.

 It is true, of course, that the rule-making power does not include the right to create or abrogate substantive law and that as a consequence no rule can lift or lower the $10,000 restriction upon federal jurisdiction. But it has long been established that the jurisdictional amount may be met by aggregation when the matter in controversy is of the required value. In Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111, the Supreme Court stated it thus:

> " * * * federal jurisdiction will be adequately established, if it appears that for any member, who is a party, the matter in controversy is of the value of the jurisdictional amount, or, if to the aggregate of all members in this representative suit, the matter in controversy is of that value."

Rule 23 before or after amendment does not purport to affect this principle.

The amendment to Rule 23 did contemplate very comprehensive change in the procedural aspects of class suits and to effectuate such change many guidelines set down in earlier judicial rulings must now be questioned in application of the amended rule.[5] The Advisory Committee's Note, 39 F.R.D. 98, places great emphasis on the fact that the amended rule is intended to eliminate the nice judicial distinctions and concomitant case law confusion that had arisen from a classification of class actions as "true," "hybrid," and "spurious." "In practice," said the Committee, "the terms 'joint,' 'common,' etc. which were used as the basis of the [old] Rule 23 classification proved obscure and uncertain." These terms were eliminated in the amendment and a purely pragmatic classification was adopted. The rule now recognizes that the procedural tool of a class action must be workable if it is to be desirable. To now hold that the former classifications of "true," "hybrid" and "spurious" must be perpetuated to allow or defeat aggregation would seem to render the rule sterile in that regard.

██ █ We find comfort for our view in Provident Tradesmen Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, decided January 29, 1968, wherein Mr. Justice Harlan, writing for a unanimous Court, considers amended Rule 19 and rejects the following argumentative syllogism: "(1) there is a category of persons called 'indispensible parties'; (2) that category is defined by substantive law and the definition cannot be modified by rule; (3) the right of a person falling within that category to participate in the lawsuit in question is also a substantive matter, and is absolute." Similarly we believe the elimination of categories of class actions in Rule 23 involves no substantive change and is no bar to the application of aggregation of claims to establish monetary jurisdiction. The basic jurisdictional question is whether aggregation under *any* circumstances can meet the legislative mandate pertaining to the monetary restriction on federal jurisdiction. This question has been answered in the affirmative, Gibbs v. Buck, supra, and it follows, under the new rule, that when a cause clearly falls with-

---

4. "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein. * * * *"

5. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001, may well be such a case and certain it is that the Fifth Circuit so considered it. However the Supreme Court seems to have there rejected the factual background as supporting a class action at all and for reasons that would be equally applicable for the dismissal of that case under the amended rule.

in its terms as a class action, as here, the claims of the entire class are in controversy.[6]

The judgment is affirmed and the cause remanded for further proceedings.

6. Professor Wright considers this to be a realistic view. He states:

"The amended rule nowhere refers to 'joint' or a 'common' interest. It would be convenient if it should be held that, since the judgment is binding under the amended rule on the entire class, the claims for or against the whole class are in controversy. This would be an entirely realistic view, and one entirely consonant with the stated purpose of the amount in controversy requirement. * * *" Barron and Holtzoff, Federal Practice and Procedure, Volume 2, 1967 pocket part, page 106.