**Margaret E. SNYDER, also known as Peg Snyder, Plaintiff,**

v.

**Harry L. EPSTEIN and Benjamin Marcus, Defendants.**

No. 66–C–329.

United States District Court
E. D. Wisconsin.
Oct. 22, 1968.

Arlo A. McKinnon, Milwaukee, Wis., and Louis G. Davidson, Chicago, Ill., and Hyman G. Stein and Charles Alan Seigel, St. Louis, Mo., for plaintiff.

Irvin B. Charne, Milwaukee, Wis., for defendants; Rapoport, Rubino, Franken & Rubin, New York City, of counsel.

OPINION AND ORDER

JOHN W. REYNOLDS, District Judge.

The complaint in this case was filed December 1, 1966. Defendants filed mo-

tions to dismiss the action and, in the alternative, to order that the action not be maintained as a class action. The complaint was amended and the amended version was received by this court on March 24, 1967. Affidavits in support of defendants' previous motions were filed, and on April 10, 1967, a hearing was held on these motions. Because of other similar (if not identical) cases pending in other circuits, it was agreed by the parties that this court should withhold decision on the motions until the Circuit Court of Appeals of the Eighth Circuit decided a matter there on appeal involving the same plaintiff as in this action and raising at least one of the questions raised here. The Eighth Circuit issued its opinion in Snyder v. Harris, 390 F.2d 204, 205, on February 27, 1968.

The allegations in this action are somewhat complex and require a rather lengthy summary. Essentially, plaintiff in this case alleges that she is a resident of the State of Arizona; that defendants, Harry L. Epstein and Benjamin Marcus, are residents of Milwaukee, Wisconsin; that Missouri Fidelity Union Trust Life Insurance Company (hereinafter referred to as "Missouri Fidelity") is a corporation that issues and sells policies of life insurance; that National Western Life Insurance Company (hereinafter referred to as "National Western") is a Colorado corporation; that plaintiff was, and still is, the owner of 2,000 shares of Missouri Fidelity stock; that the bylaws of Missouri Fidelity provide for a Board of Directors consisting of fifteen directors; that the defendants, Harry L. Epstein and Benjamin Marcus, were directors of Missouri Fidelity and that on November 22, 1966, the market price of Missouri Fidelity stock was about $2.63 per share; that some time prior to November 22, 1966, National Western submitted to directors of Missouri Fidelity a proposal to purchase all the shares owned by them for $7.00 per share, conditioned, however, first upon the resignation of all the directors of Missouri Fidelity except four, and further that five nominees of National Western be elected as directors of Missouri Fidelity and that such nominees be also named and elected as a majority of the executive committee and of the investment committee of Missouri Fidelity; that on or about November 22, 1966, National Western entered into such an agreement with eight directors of Missouri Fidelity, including defendants, Harry L. Epstein and Benjamin Marcus, to pay them and their friends and relatives $7.00 per share for an aggregate of approximately 300,000 shares of Missouri Fidelity then owned by them; that at a Board of Directors meeting held in St. Louis, Missouri, pursuant to such agreement, eight directors, including defendants, Harry L. Epstein and Benjamin Marcus, resigned as directors of Missouri Fidelity, and the nominees of National Western were named and elected as directors of Missouri Fidelity and as a majority of the executive committee and of the investment committee of Missouri Fidelity; that four of the directors of Missouri Fidelity did not participate towards the effectuation of the aforesaid acts and did not resign; that three directors who also did not participate in the effectuation of the aforesaid acts did resign; that the aggregate amount paid by National Western for said 300,000 shares was approximately $1,200,000.00 in excess of the market value of said shares and was a premium paid to said selling shareholders for the resignation of said directors and for obtaining control of the executive committee and the investment committee of Missouri Fidelity by National Western; that the conduct and acts of the eight directors, including defendants, Harry L. Epstein and Benjamin Marcus, who agreed to sell their shares and who resigned pursuant to such agreement, were a breach of trust and violation of their fiduciary duties as directors of Missouri Fidelity; that the class of shareholders of Missouri Fidelity consists of more than 4,000 persons residing in different states; that plaintiff brings this action on behalf of herself and all other shareholders of Missouri Fidelity similarly situated; that questions of law or fact

herein are common to said class and claims of plaintiff are typical of the claims of said class of shareholders of Missouri Fidelity similarly situated; that plaintiff can and will adequately and fairly represent the interest of said class; and that the prosecution of separate actions by individual members of said class would risk inconsistent or varying adjudications which would establish incompatible standards of conduct for the parties opposing the said class.

Defendants reply to this complaint by moving to dismiss on five alternative grounds. The defendants contend that:

1. Plaintiff failed to state a claim upon which relief can be granted in an action as an individual shareholder;

2. Plaintiff did not state a claim upon which relief can be granted in a derivative action;

3. Plaintiff has failed to follow the requirements of Rule 19 of the Federal Rules of Civil Procedure by failing to join certain indispensable parties—the six other directors whose conduct is alleged as a breach of trust—and by failing to indicate who these other parties are and why they were not joined;

4. Plaintiff does not satisfy the requirements for the maintenance of a class action under Rule 23 of the Federal Rules of Civil Procedure; and

5. Plaintiff fails to satisfy the jurisdictional requirement of the federal district courts in diversity cases in that plaintiff's individual claim is not more than $10,000.00.

I. *Does plaintiff allege facts upon which relief can be granted?*

To deal with defendants' contentions, of course, it must be assumed that all of plaintiff's factual allegations are true. Inferences from these facts must also be drawn in the light most favorable to plaintiff to determine whether a cause of action is pleaded.

The plaintiff in effect alleges that the defendants sold their corporate offices and control of the corporation in return for a premium of $1,200,000.00

on the stock purchased from them and others. The sale of a corporate office gives rise to a cause of action for breach by such officer of the fiduciary duties owed to both the corporation and the stockholders. Securities and Exchange Commission v. Insurance Securities, Inc., 254 F.2d 642 (9th Cir. 1958). Many courts take the position that this may be the basis for action by individual stockholders even though the action is sometimes denominated derivative. Vine v. Beneficial Finance Co., Inc., 374 F.2d 627 (2d Cir. 1967); Perlmann v. Feldmann, 219 F.2d 173, 50 A.L.R.2d 1134 (2d Cir. 1955); Borak v. J. I. Case Company, 317 F.2d 838 (7th Cir. 1963).

It is clear that one set of facts may give rise to a cause of action in favor of either the corporation or the individual stockholder or both. Borak v. J. I. Case Company, supra; Brown v. Bullock, 194 F.Supp. 207 (S.D.N.Y.1961), aff'd 294 F.2d 415 (2d Cir. 1961). The facts in this case appear to this court to present such a situation. Reasonable inferences can be drawn from the pleaded facts which support a cause of action for breach of trust either as to the individual stockholders who were not offered $7.00 per share for their stock or as to the corporation whose controlling positions on the Board of Directors, executive committee, and investment committee were sold. Since the complaint could reasonably be read to state either an individual or a derivative cause of action, this court is of the opinion that defendants' motion to dismiss for failure to state a cause of action must be denied.

II. *Has plaintiff failed to satisfy Rule 19?*

Defendants further contend that plaintiff has failed to satisfy the requirements of Rule 19 of the Federal Rules of Civil Procedure by failing either to join the other directors who took part in the alleged sale or to supply their names and addresses and reasons why they were not joined. It is undisputed that eight directors were involved in the

acts of which plaintiff complains, and that only two of such directors were made parties defendant in this action. The formal record in this case does not indicate the identity or location of any of the other directors. The briefs do refer to Snyder v. Harris, 268 F.Supp. 701 (E.D.Mo.1967), aff'd 390 F.2d 204 (8th Cir. 1968), wherein the same plaintiff, in an action similar to this one, arising out of the same facts, sought to sue two other members of the Board of Directors. The courts therein held that Rule 23 did not allow the plaintiff in a class action to aggregate her claim with those of other class members whom she represented for purposes of satisfying the jurisdictional amount under § 1332, 28 U.S.C. The question of proper joinder under Rule 19 was never reached.

It appears to this court that such other directors are contemplated by the language of Rule 19 which states in relevant part:

"(a) *Persons to be Joined if Feasible.* A person * * * shall be joined as a party in the action if * * * (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. * * *"

It also appears that the 1966 change in the language of this rule has removed the necessity for the technical classification of a person as "necessary" or "indispensable" to the action but still directs the court to engage in a pragmatic weighing of the equities involved. Barron & Holtzhoff, Federal Practice & Procedure, §§ 511–512 (Wright ed., 1967 Supplement); Imperial Appliance Corp. v. Hamilton Mfg. Co., 263 F.Supp. 1015 (E.D. Wis.1967).

■ In the view of this court, the fact that plaintiff has not at this point joined or identified the other directors does not require dismissal of the complaint at this time. Rule 21 of the Federal Rules of Civil Procedure clearly allows the joinder of parties at any time in the proceedings, subject to the discretion of the court. 3A Moore, Federal Practice, at 2905–2907 (2d ed. 1968); 2 Barron & Holtzhoff, Federal Practice and Procedure, at 212–213 (Wright ed.). Consequently, this court is of the opinion that plaintiff should comply with Rule 19 by either joining the remaining six directors or by identifying them and pleading the reasons why they are not joined.

### III. *Is this a proper class action?*

■ Defendants further contend that plaintiff does not satisfy the requirements of Rule 23 for the maintenance of a class action. Plaintiff alleges that there are approximately 4,000 stockholders of Missouri Fidelity, but does not indicate how many of these are "similarly situated" to plaintiff in that they were not offered $7.00 per share for their stock on or about November 22, 1966. Consequently, this court cannot at this time find that plaintiff represents a class "so numerous that joinder of all members is impracticable." In the interest of justice, the plaintiff should be permitted to amend her complaint to meet this requirement, if she can. It does appear, however, that there are questions of law or fact common to the persons plaintiff seeks to represent, that the claims of the plaintiff are typical of the claims of the shareholders who were not offered $7.00 per share for their stock on or about November 22, 1966, and that plaintiff will fairly and adequately protect the interests of the class.

### IV. *Does this court have jurisdiction under 28 U.S.C. § 1332?*

The next question to consider is whether this court has jurisdiction of this matter on the basis of the amount in controversy. Plaintiff contends that a total premium of $1,200,000.00 was paid to the directors and their friends and relatives. She does not claim this en-

tire amount is due and owing to her by virtue of the breach of trust alleged. Rather, she claims, as this court reads the complaint, that the $1,200,000.00 should be divided among the shareholders "similarly situated" to the plaintiff. It does not appear that plaintiff claims $10,000.00 on her own behalf. Consequently, plaintiff, by herself, has failed to satisfy the jurisdictional requirements of 28 U.S.C. § 1332.

In the event plaintiff amends her complaint to bring herself within the scope of Rule 23, the question before the court will be whether aggregation of claims of the class will be permitted in order to satisfy the requirements of 28 U.S.C. § 1332. This question has already been extensively briefed by the parties. In the interest of expediting this controversy, and since the decision on this question could be dispositive of this controversy at this time, this court will express its opinion on this question.

There is a conflict of opinion among the circuits on the question of aggregation of claims in a class action. The Eighth Circuit in Snyder v. Harris, 390 F.2d 204 (1968), has adopted the view that aggregation is not to be permitted. This position is based on the reasoning that the 1966 amendment of Rule 23 did not change the prior distinctions among various types of class actions. Consequently, the old distinctions of "true," "hybrid," and "spurious" class actions must be maintained, at least when dealing with the jurisdictional amount. On this reasoning, the action between Mrs. Snyder, plaintiff in the action before this court, and Charles Harris and Earl W. Kirchhoff, past directors in Missouri Fidelity, was dismissed.

The Fifth Circuit in Alvarez v. Pan American Life Insurance Co., 375 F.2d 992 (1967), has also held that separate claims could not be aggregated to make the jurisdictional amount required under the diversity statute, even if new Rule 23 relating to class actions were applied.

In the Fifth and Eighth Circuits, the courts were persuaded that the principle of aggregation falls within the scope of jurisdiction which has been traditionally left to Congress rather than in the rule-making power delegated to the Supreme Court by Congress, and that to permit the aggregation of claims would amount to increasing the jurisdiction of the court by the rule-making authority. These courts reason that by permitting the aggregation of separate and distinct claims in a class action, they would violate Rule 82 which provides in part: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts * * *."

The Tenth Circuit has also considered this question in Gas Service Company v. Coburn, 389 F.2d 831 (1968), and has reached a different conclusion. Here a customer of the Gas Service Company instituted a class action to recover amounts charged by the Gas Service Company which were above the statutory rates authorized. It was undisputed that the amount claimed by the individual plaintiff was $7.81. The Tenth Circuit, however, allowed aggregation of claims and refused to dismiss the suit. The court reasoned that the 1966 amendment to Rule 23 removed complex and inefficient distinctions within the concept of class actions. The court stated at page 834:

"* * * The Advisory Committee's Note, 39 F.R.D. 98, places great emphasis on the fact that the amended rule is intended to eliminate the nice judicial distinctions and concomitant case law confusion that had arisen from a classification of class actions as 'true,' 'hybrid,' and 'spurious.' 'In practice,' said the Committee, 'the terms "joint," "common," etc. which were used as the basis of the [old] Rule 23 classification proved obscure and uncertain.' These terms were eliminated in the amendment and a purely pragmatic classification was adopted. The rule now recognizes that the procedural tool of a class action must be workable if it is to be desirable. To now hold that the former classifications of 'true,' 'hybrid' and 'spurious' must be perpetuated to allow or de-

feat aggregation would seem to render the rule sterile in that regard."

The Seventh Circuit, of which this court is a part, has not passed on this question, but the subject has divided the judges of the Northern District of Illinois.

Judge Napoli in Lesch v. Chicago & Eastern Illinois Railroad Company, 279 F.Supp. 908 (N.D.Ill.1968), held that the jurisdictional amount may not be satisfied by aggregating the claims of the entire class, but Judge Will in Booth v. General Dynamics Corporation, 264 F. Supp. 465, 470 (N.D.Ill.1967), stated:

"The recent amendments to the Federal Rules of Civil Procedure have extinguished the tortured distinction between 'true' and 'spurious' class actions. New standards for determining whether a class action is maintainable were established under the new Rule 23. It is by these new standards, rather than under the outworn authorities cited by the present litigants, that we must determine whether this suit may be maintained as a class action, * * *."

In allowing the class action to proceed, Judge Will went on to say at page 472:

" * * * Without the class action device, the aggregation of claims necessary to meet the jurisdictional amount requirement would be so difficult that the perpetrators of illegal transactions such as are alleged here would enjoy something akin to immunity in the federal courts."

It appears to this court that the reasoning of the Tenth Circuit and of Judge Will is more useful and in keeping with the position taken by the Advisory Committee. See Advisory Committee's Note to Rule 23 in 39 F.R.D. 69 at page 98. Also see Professor Charles Alan Wright's note in the 1967 Supplement, at 106, to 2 Barron & Holtzoff, Federal Practice and Procedure § 569, wherein he stated:

" * * * It would be convenient if it should be held that, since the judgment is binding under the amended rule on the entire class, the claims for or against the whole class are in controversy. * * * "

Also see Professor Cohn's article on the New Federal Rules of Civil Procedure in the Georgetown Law Journal, Vol. 54, pages 1213 to 1228.

The purposes of class actions would be largely defeated, especially in the situation like this one before the court where a stockholder is seeking to recover for the breach of trust by officers and directors of the corporation, it is held that only persons with a claim in excess of $10,000.00 may institute a class action. With such reasoning, it is not inconceivable that corporate directors could be totally immune from suit in a federal court, although there could be literally hundreds of stockholders with a legitimate cause of action against the directors. Consequently, this court will permit aggregation of amounts where a class action is otherwise validly instituted.

It is therefore ordered that defendants' motions to dismiss on the ground that plaintiff has failed to state a claim upon which relief can be granted be and they are hereby denied.

It is further ordered that plaintiff be allowed twenty days from the date of this opinion and order to amend her complaint to satisfy the requirements of Rule 19 of the Federal Rules of Civil Procedure, and that plaintiff further be allowed to amend to allege facts sufficient to invoke the jurisdiction of this court, either as in a class action pursuant to Rule 23 or as to plaintiff as an individual to satisfy the jurisdictional requirements of 28 U.S.C. § 1332. Upon failure to amend within such time, this action will be dismissed.