Richard C. **LONNQUIST** et al., Plaintiffs-Appellants,

v.

J. C. **PENNEY COMPANY** et al., Defendants-Appellees.

No. 230–69.

United States Court of Appeals Tenth Circuit.

Jan. 23, 1970.

Rehearing Denied March 6, 1970.

---

Richard C. Lonnquist, Denver, Colo. (Hoffman, Goldstein & Armour, Denver, Colo., on·the brief), pro se and for other appellants.

Ira C. Rothgerber, Jr., Denver, Colo. (Davis, Graham & Stubbs, Donald S. Graham, Richard L. Freese, Jr., and Rothgerber, Appel & Powers, Denver, Colo., on the brief), for appellees.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The only question before us is whether the $10,000 jurisdictional amount requirement of 28 U.S.C. § 1332(a) has been satisfied.

The plaintiffs-appellants filed four cases in state court charging Denver department stores with the exaction of usurious interest on charge accounts in violation of pertinent Colorado statutes. Although there are some variations used by the stores in the computation of such interest, the rates were approximately 18% per annum compounded monthly. The excess interest payments by the individual plaintiffs ranged from 41¢ to $189.69. Each complaint appropriately alleged a class action and estimated the amount of usurious interest collected from the class as $500,000 per year. Refunds of past excess payments were sought, as well as injunctions to restrain the charge or collection of interest at a rate in excess of 6% a year. The stores removed the cases to federal court on the ground of diversity. After removal the federal district court sustained motions to dismiss. The plaintiffs filed amended complaints. The amendments did not affect the jurisdictional issue. Later,

the plaintiffs moved to remand because of the absence of the jurisdictional amount. The district court denied the motion to remand and dismissed the actions.

In sustaining federal jurisdiction, the district court relied on our decision in Gas Service Company v. Coburn, 10 Cir., 389 F.2d 831. In that case we held that aggregation of separate and distinct claims was permissible to satisfy the jurisdictional amount. On certiorari the Supreme Court reversed. In its decision, reported as Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319, it held that these claims may not be aggregated to reach the jurisdictional amount.

The stores recognize that the claims presented are separate and distinct. They seek to avoid the effect of Snyder v. Harris on two theories. The first focuses on the prayer for injunctive relief. They argue that the jurisdictional amount requirement should be determined by the total monetary impact on each defendant and that the cases should be remanded to the district court for a finding on the amount of impact.

■ In the Snyder case the aggregate claims of the class were alleged to be about $1,200,000, and in Gas Service the statement was that there were 18,-000 claims which in aggregation would exceed $10,000. See 394 U.S. 332 at 333–334, 89 S.Ct. 1053. Snyder was decided on the basis of the impermissible aggregation of the claims of the plaintiffs and said nothing about the total detriment to the defendants. In our opinion total detriment is not the controlling factor.

The stores place heavy reliance on the post-Snyder decision in Berman v. Narragansett Racing Ass'n, Inc., 1 Cir., 414 F.2d 311. There the court did look to the total detriment to the defendant in concluding that the requisite amount was in controversy. The distinction is that in Berman the plaintiffs asserted the common and undivided right of the class to recover a sum of money allegedly owing by the defendant to the class. After the sum was determined and recovered, it would be divided among the members of the class on a proportionate basis. Because such claims have always been permissibly aggregated, Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817, and Snyder, 394 U.S. at 335, 89 S.Ct. 1053, it was proper for the court to consider the total detriment to the defendant. In the case at bar, which involves separate and distinct claims that cannot be aggregated, it would be improper to look to total detriment. The doctrine of Snyder cannot be so easily evaded. The threshold question is aggregation, and it must be resolved affirmatively before total detriment can be considered.

Ronzio v. Denver & R. G. W. R. Co., 10 Cir., 116 F.2d 604, is not contrary. That case, decided at a time when the jurisdictional amount was $3,000, concerned a water right which the plaintiff valued at less than $2,000 and the defendant valued at more than $3,000. Although the court said that the test was the pecuniary value to either party, the decision is not pertinent because a single right was asserted by a single plaintiff and the question was the value of that right. No problem of aggregation was presented.

■ The stores also argue that the case should be sent back to the district court for a determination of whether any member of the class has a claim in excess of $10,000. Ordinarily, the amount in controversy is to be determined by the allegations of the complaint, or, where they are not dispositive, the allegations in the petition for removal. Davenport v. Proctor & Gamble Manufacturing Co., 2 Cir., 241 F.2d 511, 514, 63 A.L.R.2d 1350; see also Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334; American Fire & Casualty Co. v. Finn, 341 U. S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702; McLeod v. Cities Service Gas Co., 10 Cir., 233 F.2d 242, 245–246; and Woerter v. Orr, 10 Cir., 127 F.2d 969, 971; cf. Ronzio, supra, 116 F.2d 604, 605. In the

instant case none of the complaints and none of the petitions for removal allege that any member of the class has a claim for more than $10,000. In the absence of any such allegation, no reason exists for the requested hearing.

These cases are not like Craig v. Champlin Petroleum Company, 10 Cir., 421 F.2d 236. There, removal was on the theory that separate and distinct claims could be aggregated but after removal the complaint was amended to assert additional separate and distinct claims, each of which was in excess of the jurisdictional amount. The case went to trial and judgment went against Champlin on the question of liability. Thereafter, Champlin moved to remand on the authority of Snyder. We pointed out that at the time of trial the amendment to the complaint had established federal jurisdiction and held that the defendant, having gone to trial in the then posture of the case without objection, could not thereafter complain. In the case at bar no curative amendment was filed and jurisdiction was never present.

The judgment is reversed and the cases are remanded with directions to remand each of the cases to state court.