Samuel G. BRECHBILL, Jr., Individually
and on behalf of all other persons
similarly situated, Plaintiffs,

v.

DINERS CLUB, INC., Defendant.

Civ. A. No. 78–933.

United States District Court,
W. D. Pennsylvania.

Nov. 30, 1978.

Alan Frank, Frank & Radakovich, Pittsburgh, Pa., for plaintiffs.

Harry J. Zimmer, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for defendant.

## MEMORANDUM

COHILL, District Judge.

Plaintiff, Samuel G. Brechbill, Jr., brought a class action in the Court of Common Pleas of Allegheny County, Pennsylvania, against defendant, Diners Club, Inc. ("Diners"), claiming that Diners improperly collected from each of its cardholders annual membership fees of $25.00 in violation of Pennsylvania's debt pooling statute, 18 Pa. C.S.A. § 7312. The class was defined as all Pennsylvania residents to whom a Diners credit card was issued and who, since June 6, 1973, had paid Diners the annual membership fee, June 6, 1973 being the effective date of the debt pooling statute. The complaint principally seeks appropriate credits to the Diners accounts of the class members, "a cessation of defendant's practice of charging an annual assessment," and reasonable counsel fees and costs.

The suit was removed to this court assertedly under 28 U.S.C. § 1441(a) with jurisdiction purportedly based on diversity of citizenship. Plaintiff has filed a motion to remand the case to state court, contending that the $10,000 amount in controversy requirement for diversity jurisdiction has not been met. Because the plaintiff and class members each have a claim for no more than $125, the issue is whether the class claims may be aggregated to reach the jurisdictional amount.

It is well-settled that aggregation of claims is permitted in a class action brought

under Fed.R.Civ.P. 23 where the class is seeking to enforce a joint, common and undivided right (referred to before the 1966 amendment to Rule 23 as a "true" class action), but aggregation is not allowed where the class members are asserting separate and distinct claims (referred to before the 1966 amendment as a "spurious" class action). *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); 7 C. Wright & A. Miller, Federal Practice and Procedure § 1756 (1972). The difficulty, of course, is in applying the rule to a given fact situation.

The Third Circuit, in *New Jersey Welfare Rights Organization v. Cahill,* 483 F.2d 723 (3d Cir. 1973) (per curiam), permitted aggregation of the claims of the class of all welfare recipients in New Jersey in a suit challenging (as violative of the Social Security Act) the state's changing its method of evaluating family needs from a case-by-case cost to a flat grant state-wide average method. The court stated:

"When, as here, the adversary of the class has no interest in how the claim is to be distributed among members of the class, none of the class members could bring suit without affecting rights of other class members, and the rights asserted are common to the class rather than individually held, aggregation is allowed. See *Bass v. Rockefeller,* 331 F.Supp. 945 (S.D.N.Y.), appeal dismissed as moot, 464 F.2d 1300 (2d Cir. 1971).

The issues raised here involved federal statutory interpretation affecting the expenditure of many millions of federal dollars in the State of New Jersey. They are not trivial, and allowing aggregation of these claims does not encourage cluttering the federal courts with minor controversies involving matters of state law."

*Id.* at 725 n. 2. Thus, the court specifically approved the application of the "interest in distribution" test and the "essential party" test to determine when aggregation is permissible, and it considered the policy behind the general rule disallowing aggregation.

As an aid to the proper analysis in this case, we think that three cases deserve attention. First, in *The Gas Service Company v. Coburn,* the companion case to *Snyder,* the Gas Service Company allegedly had billed and illegally collected a city franchise tax from Coburn, a Kansas resident, and others living outside city limits. Coburn claimed damages to himself of $7.81 but contended that the aggregation of the claims of the approximately 18,000 class members would satisfy the jurisdictional amount. After reaffirming the general rule against aggregation of claims, the Court reversed the judgment that had allowed aggregation, cautioning against federal courts' entering "numerous local controversies involving exclusively questions of state law" and against "add[ing] to the burdens of an already overloaded federal court system." 394 U.S. at 340–41, 89 S.Ct. at 1059.

Another case, *Lonnquist v. J. C. Penney Company,* 421 F.2d 597 (10th Cir. 1970), is factually similar to the case before us. The plaintiffs in *Lonnquist* brought four class actions in state court alleging that Denver department stores exacted usurious interest on charge accounts in violation of state law. The complaint sought refunds of past excess payments, as well as injunctions to restrain the charge or collection of interest at a rate exceeding the lawful rate. Asserting diversity jurisdiction, the stores removed the cases to a federal district court, which granted motions to dismiss for failure to meet the amount in controversy requirement. On appeal, the parties conceded that the claims were separate and distinct. As for the stores' contention that the jurisdictional amount was satisfied by the total monetary impact on each defendant in view of the prayer for injunctive relief, the Tenth Circuit stated that total detriment was not the controlling factor and pointed out that in *Snyder* the Court said nothing about the total detriment to the defendants. The *Lonnquist* court regarded the approach of total detriment to the defendants to be an evasion of *Snyder,* stating: "The threshold question is aggregation, and it must be resolved affirmatively before total detri-

ment can be considered." 421 F.2d at 599. It distinguished cases using the total detriment to the defendant to value a single right asserted by either a class or an individual. The circuit court, therefore, ordered that the case be remanded to state court.

In *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir. 1977), the Ninth Circuit decided a case having similar facts on the same rationale. Snow brought a class action claiming $11.00 actual damages for each purchaser of a "trailering special package" that Ford had manufactured without a wiring kit. The complaint also sought punitive damages and an injunction to enjoin Ford from continuing to sell the trailering special packages without a wiring connector kit. The Ninth Circuit's reasoning paralleled the Tenth Circuit's rationale in *Lonnquist*:

> "We agree that *Snyder* is controlling. 'Total detriment' is basically the same as aggregation. The only reason the injunction is worth more than $10,000 to Ford is that it would affect all of Ford's future trailer package sales to thousands of other individual consumers. In short, we hold that, where 'the equitable relief sought is but a means through which the individual claims may be satisfied, the ban on aggregation [applies] with equal force to the equitable as well as the monetary relief.' *Barton Chem. Corp.*, D.C., 402 F.Supp. 1195 at 1198.

Ford, nevertheless, contends that aggregation is not at issue because the right sought to be enjoined is a single right of a single defendant, namely, its right to market its packages. The argument misses the mark. Given *Snyder*, the proper focus in this case is not influenced by the type of relief requested, but rather continues to depend upon the nature and value of the right asserted. The right asserted by plaintiffs is the right of individual future consumers to be protected from Ford's allegedly deceptive advertising which is said to injure them in the amount of $11.00 each. That figure is far below the jurisdictional minimum.

A finding of jurisdiction in this case would provide plaintiffs with a means by which to evade the impact of *Snyder* and *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). If defendants are allowed to remove such suits to federal court, then plaintiffs must be allowed to file them in federal court originally. All that plaintiffs would need to do to avoid the rule of *Snyder* and *Zahn* would be to pray for an injunction. In effect, Ford would have us overrule those cases. That we cannot do."

561 F.2d at 790–91. (Citations and footnotes omitted.) Accordingly, the court of appeals ordered that the case be remanded to state court.

■ Turning to the case before us, we conclude that the claims asserted against Diners are clearly separate and distinct. Applying the interest in distribution test, we note that Diners does have an interest in how the amount for which it is liable is distributed, because each class member has a claim in a specific dollar amount that must be satisfied. For the second test, certainly a suit brought by one or more cardholders could proceed against Diners, and that suit would only indirectly, not directly, affect the rights of other cardholders who could assert their own claims at any later time. In any event, the claims asserted here are similar to those made in *Coburn, Lonnquist* and *Snow,* where they were regarded as separate and distinct.

Because we conclude that the claims are separate and distinct, we think that the reasoning of *Lonnquist* and *Snow* amply refutes Diners' contentions regarding equitable relief and detriment to Diners.

From a policy standpoint, aggregation here would involve us in essentially a state controversy hinging on the construction of a relatively new state statute. No issues requiring federal statutory interpretation and no federal funds are involved in this case, as distinguished from *Cahill.* Policy reasons, therefore, support our application of the general rule against aggregation to the facts of this case.

We hold, therefore, that Diners improperly removed this case to federal court, because the amount in controversy falls far short of that required for diversity jurisdiction. An appropriate order will be entered.

## ORDER

AND NOW, to-wit, this 30th day of November, 1978, in accordance with the accompanying memorandum, it is ORDERED, ADJUDGED and DECREED that the Motion to Remand be and hereby is granted; the request for reasonable attorney's fees is denied.