Jack JUSTICE, Individually and d/b/a Reavis Drug; Cottie's Inc., an Oklahoma corporation; Pauls Valley Farm and Ranch Supply, Inc., an Oklahoma corporation; Jerry Norton; Lillyn Norton, d/b/a Norton's Jewelry; Lahoma Becktel; Stufflebeans, Inc., an Oklahoma corporation; Robert T. Rennie, Jr.; Densel Williamson; Betty Williamson, d/b/a William's Furniture; Gary Archer; Lavon Archer; Donnie Green; Mary Maurine Berry, d/b/a Lee's Carpetland; Edward T. Tillery; Alpha Edwards, d/b/a Alph's Style Shop; Leonard Blaine Brumley, d/b/a Lou's Shoe Box; Mary Justice; Craig Carson; Don Cook, d/b/a Cook & Carson TV and Appliance; Harrell Driskill, d/b/a Indian Nation Sales; James McEuin; Wanda McEuin, d/b/a Mac's Stained Glass and Builder Supply; Ted Blevins; Joyce Blevins, for themselves and for all other similarly situated, Plaintiffs–Appellants,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Delaware corporation, successor in interest to Gulf, Colorado and Santa Fe Railway Company, Defendant–Appellee.

No. 90–6260.

United States Court of Appeals, Tenth Circuit.

Feb. 28, 1991.

Alan Agee, Brett Agee, and James W. Carlton, Jr., of Garvin & Agee, Pauls Valley, Okl., on briefs for plaintiffs-appellants.

Hugh D. Rice, H.D. Binns, Jr., Robert J. Campbell, Jr., and Roberta Browning Fields of Rainey, Ross, Rice & Binns, Oklahoma City, Okl., on briefs for defendant-appellee.

Before McKAY, MOORE and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellants Jack Justice, et al., plaintiffs in the trial court, appeal from the denial of their motion to remand either the entire case or at least the damages claims not meeting the jurisdictional amount to state court. They argue that the case was improperly removed from state court under

28 U.S.C. § 1441(c) and should be remanded. We affirm.

Plaintiffs allege that defendant Atchison, Topeka and Santa Fe Railway Company's (AT & SF) railroad structures running through Pauls Valley, Oklahoma, caused their property to flood during heavy rains in 1987. They claim monetary damages due to AT & SF's negligent construction and maintenance of various railroad structures and seek to compel AT & SF to alter these structures because the railroad in its present state constitutes a continuing nuisance. Although originally filed in state court, the action was removed by AT & SF to the District Court for the Western District of Oklahoma.

Resolution of this appeal involves the interpretation of 28 U.S.C. § 1441(c), which states:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Plaintiffs argue that before reaching the § 1441(c) analysis, the 28 U.S.C. § 1332 minimum amount in controversy for all claims must be satisfied. They contend further that in the present case the jurisdictional amount could not be reached without aggregation of the plaintiffs' claims, which requires that the claims be common and not "separate and distinct." *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Plaintiffs argue that even if the cost of the injunctive relief to the defendant would exceed the statutory minimum under § 1332, aggregation of plaintiffs' claims must be resolved affirmatively before total detriment to the defendant can be considered, citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597 (10th Cir.1970). They conclude the plaintiffs' claims cannot be aggregated because they are separate and distinct under *Snyder* and *Zahn*. Following this logic, the court cannot even consider removal of the injunction claim, thus the damages claims were improperly removed from state court.

AT & SF counters that *Lonnquist* did not involve jurisdiction under § 1441(c) because no party in that case claimed that the damages and the injunction were separate and independent as required under § 1441(c). Therefore, *Lonnquist*'s aggregation prerequisite is not necessarily applicable to the § 1441(c) question of whether the claims concerning the money damages and the injunction are separate and independent. We agree and believe *Lonnquist* is inapposite.

█ The real question is not whether aggregation of plaintiffs' claims is a prerequisite, but whether state law or federal common law determines if the claims are separate and independent. If they are found to be separate and independent, this court must determine whether either the damages or injunction claims meet the jurisdictional amount to be properly removable. Wright, Miller & Cooper's *Federal Practice and Procedure* states that federal law is used to determine whether the claims are separate and independent, and state law determines the nature of the claims to which the federal law test is applied. In other words, "state law determines the character of plaintiff's claim, and federal law determines whether that claim meets the standard of Section 1441(c)." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3724, at 397 (2d ed. 1985).

█ AT & SF first seeks to determine the nature of the plaintiffs' claims under state law and argues that the damages and injunction claims are separate. Specifically, negligence is defined in a different section of the Oklahoma code from nuisance, and negligence is not required to prove nuisance in Oklahoma. AT & SF compares the present facts to those in *Biechele v. Norfolk & Western Ry. Co.*, 309 F.Supp. 354 (N.D.Ohio 1969), where plaintiffs filed a class action in state court seeking damages and an injunction from nuisance aris-

ing out of the operation of coal storage and shipping facilities. Upon removal, the federal district court found that the damages and injunction claims were two separate claims for the purposes of § 1441(c). The court then found diversity and the requisite amount in controversy to have jurisdiction over the injunction claim, and also held that, even though the individual damage claims could not be aggregated and did not meet the jurisdictional amount, the court had jurisdiction over them as well under § 1441(c). The court stated "[t]he claims are sufficiently separate to allow removal of the injunctive action alone. Therefore this Court, in the interest of judicial efficiency, will assume jurisdiction over the entire controversy." *Id.* at 355 (citing *Climax Chem. Co. v. C.F. Braun & Co.*, 370 F.2d 616 (10th Cir.1966)).

If the damages and injunction claims are considered to be separate and independent, the next step is to determine whether either would be properly removable to federal court. We held in *Oklahoma Retail Grocers Assoc. v. Wal-Mart Stores*, 605 F.2d 1155, 1160 (10th Cir.1979), that the amount in controversy may be established by looking at the defendant's cost of complying with the injunction. *See also Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604 (10th Cir.1940). Moreover, the vast majority of courts have measured the amount in controversy in injunction cases by looking at either the cost to the defendant or the value to the plaintiff. *Federal Practice and Procedure* § 3725, at 431–32. Therefore, the injunction claim is removable to federal court as it satisfies the jurisdictional amount based on the cost of repair to AT & SF, and the damages claims are removable along with the injunction under § 1441(c).

The next question is whether the district court should have remanded the damages claims that did not meet the jurisdictional amount. Plaintiffs try to avoid § 1441(c)'s allowance of removal of the damages claims by arguing that if the district court should remand the claims not meeting the jurisdictional amount, *all* damages claims should be remanded in the name of judicial efficiency. However, § 1441(c) clearly states that if one claim is properly removable and a separate and independent claim is joined, "the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." Here, the damages claims that exceed the jurisdictional amount need not be remanded because they are within the district court's original jurisdiction. While the district court has discretion whether to remand the claims falling below the jurisdictional amount, the plaintiffs must show an abuse of discretion by the district court, and they have not done so.

AFFIRMED.