**PHOENIX SCOTTS–SPORTS, an Arizona corporation, Plaintiff,**

v.

**Moses KADISH and Doris Kadish, husband and wife, Defendants.**

**No. A–130–70.**

United States District Court,
D. Alaska.

Jan. 14, 1971.

Mark C. Rowland, Rowland & Hendrickson, Anchorage, Alaska, for plaintiff.

Peter B. Walton, Boyko & Walton, Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

Plaintiff, Phoenix Scotts-Sports, an Arizona corporation, has filed this suit in the United States District Court for the District of Alaska, seeking relief against Moses Kadish and Doris R. Kadish. On the 8th day of October, 1968, a judgment was made and entered by the Superior Court of Arizona, in and for the State of Arizona, in favor of the plaintiff and against the defendants, Moses Kadish and Doris R. Kadish. In accordance with such judgment defendant Moses Kadish is indebted to the plaintiff in the amount of $29,000.00 with interest thereon from January 1, 1963, at the rate of six (6%) percent per annum and in the amount of $2,600.-00 with interest thereon from June 26, 1963, at the rate of six (6%) percent per annum. Also, defendant Doris R. Kadish is indebted to the plaintiff in the amount of $8,000.00 with interest thereon from May 1, 1963, at the rate of six (6%) percent per annum. No parts of the amounts due and owing plaintiff have been paid.

Defendant Doris R. Kadish has filed a motion to dismiss based on the alleged lack of jurisdiction of this Court. In order for this Court to have original jurisdiction in diversity cases 28 U.S.C. § 1332 provides that the matter in controversy must exceed the sum or value of $10,000.00 exclusive of interests and costs. It is Doris R. Kadish's allegation that the amount in controversy as to her is less than the required $10,000.00 exclusive of interest and costs.

It is true that interest on a judgment cannot be used to enhance the amount in controversy. Otherwise, a party could delay the suit in order to accumulate the jurisdictional amount. This would be contrary to the intent of the statute. Reynolds v. Reynolds, 65 F.Supp. 916, 918 (D.C.1946).

Interest in a judgment is merged into the judgment, however. Here, the amount in controversy is the amount of the judgment. Matthews v. Allstate Ins. Co., 194 F.Supp. 459, 462 (D.C. 1961); Richie v. Richie, 186 F. Supp. 592, 594 (D.C.1960).

In the case at bar plaintiff was granted judgment against Doris R. Kadish in the sum of $8,000.00, with interest from May 1, 1963, at the rate of six (6%) percent per annum until paid. The interest from May 1, 1963, until October 8, 1968, the date of the judgment, amounts to approximately $2,600.00. Here, the $2,690.00 which is interest in a judgment, is merged into the $8,000.-00. The amount in controversy is the sum of the $8,000.00 and the $2,600.00 which exceeds the sum or value of $10,-000.00. The motion of defendant Doris R. Kadish to dismiss is denied.

Also, before this Court for consideration is a motion for summary judgment filed by plaintiff. Defendants have offered no opposition to this motion. The Court agrees with plaintiff that there is no genuine issue as to any material fact in this case and that plaintiff is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment is granted, and plaintiff's counsel may prepare an appropriate judgment form.