Santos RUIZ, Plaintiff,

v.

FARMERS INSURANCE COMPANY
and Intracorp, Defendants.

Civ. A. No. 90–2440–O.

United States District Court,
D. Kansas.

Feb. 5, 1991.

Bryson R. Cloon, Cloon & Bennett, Overland Park, Kan., for plaintiff.

Kenneth E. Holm, Boddington & Brown, Chtd., Kansas City, Kan., Richard N. Bien, James A. Durbin, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, Mo., Neil L. Johnson, Swanson, Midgley, Gangwere, Clarke & Kitchin, Overland Park, Kan., for defendants.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion to remand and for costs. Having reviewed the motion and the response thereto, the court is now prepared to rule.

*Background*

Plaintiff, a resident of Kansas City, Kansas, filed this suit in the Wyandotte County, Kansas, District Court on November 20, 1990. In his complaint, plaintiff alleges that he was injured in an automobile accident on January 14, 1990. Plaintiff further alleges that he applied for personal injury protection benefits pursuant to his contract of insurance with Farmers Insurance Company ("Farmers"), but was denied such benefits because of the tortious conduct of Farmers and Intracorp. Plaintiff seeks judgment against Farmers for medical benefits, attorney's fees and interest. Plaintiff seeks damages against Intracorp in an amount in excess of $50,000.00.

In his original petition, plaintiff erroneously listed "Farmers Insurance Group" as a defendant. At approximately 1:46 p.m. on December 12, 1990, plaintiff filed an amended petition in the Wyandotte County District Court amending the name of defendant "Farmers Insurance Group" to "Farmers Insurance Company." [1]

At approximately 4:14 p.m. on December 12, 1990, Intracorp filed its notice of removal with this court. In the notice of removal, Intracorp alleged that, upon its information and belief, Farmers Insurance Group was a corporation with its principal place of

---

1. Wyandotte County District Court records indicate that Farmers Insurance Company was served on December 17, 1990.

business in Los Angeles, California. Intracorp further alleged that Farmers Insurance Group had not been served with process as of the filing of the notice of removal.

Plaintiff filed an objection to the removal and now seeks a remand of this action to state court. Plaintiff argues that removal is inappropriate in light of the fact that plaintiff and Farmers Insurance Company are both residents of the state of Kansas. Plaintiff further asks the court for an award of costs pursuant to 28 U.S.C. § 1447(c).

In response, Intracorp argues that removal was valid because, at the time the notice of removal was filed, Intracorp was the only properly joined and served defendant. Accordingly, Intracorp argues, complete diversity of citizenship existed and the requirements of 28 U.S.C. § 1441(a) and (b) were met.

*Discussion*

A federal district court is required to remand an action removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c). When a party challenges removal and requests remand to the state court, the removing party has the burden of demonstrating that removal was proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Further, in ruling on a motion to remand, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

Here, the court finds that removal was not proper. In a case involving a non-separable controversy with resident and nonresident defendants, "the fact that the resident defendant has not been served with process does not justify removal by the nonresident defendant." *Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939) (citations omitted). In this case, at the time the petition for removal was filed, plaintiff's amended complaint had been filed correcting the name of defendant "Farmers Insurance Group" to "Farmers Insurance Company." Although the defendant Farmers Insurance Company had not been served at the time the petition for removal was filed, the amended complaint clearly demonstrated that the action involved a nonresident defendant (Intracorp) and a resident defendant (Farmers Insurance Company). Accordingly, there was no diversity of citizenship and removal was inappropriate.[2] 28 U.S.C. § 1441(b).

Although the court will grant plaintiff's motion for remand, the court will deny plaintiff's request for costs. Pursuant to 28 U.S.C. § 1447(c), an order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While section 1447(c) places no substantive restrictions on this court's discretion to allow costs, this court finds it inappropriate to reward costs where, as here, removal has been attempted in good faith. Further, the court finds it inappropriate to penalize Intracorp's actions when they were based in large part upon errors contained in plaintiff's initial complaint.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. # 9) is granted.

IT IS FURTHER ORDERED that plaintiff's request for fees and costs (Doc. # 9) is denied.

IT IS FURTHER ORDERED that this action is hereby remanded to the Wyandotte County District Court.

---

**2.** Intracorp has made no assertion that this action involves a separable controversy.