**J.W. PETROLEUM, INC., Plaintiff,**

v.

**R.W. LANGE and Fidelity State Bank, Defendants.**

Civ. A. No. 91–1021–C.

United States District Court,
D. Kansas.

Feb. 7, 1992.

Order March 12, 1992.

Bruce B. Fitts, Wichita, Kan., Charles B. Gorham, Shaddox, Compere, Gorham & Good, P.C., San Antonio, Tex., Michael V. Madden, Southard, Fitts, McCafferty, Orsi & Madden, Wichita, Kan., for J.W. Petroleum, Inc.

Richard C. Byrd, James G. Flaherty, Anderson, Byrd, Richeson & Flaherty, Ottawa, Kan., for R.W. Lange and Fidelity State Bank.

R.W. Lange, pro se.

## MEMORANDUM AND ORDER

BELOT, District Judge.

Plaintiff is a Texas corporation that filed this action originally in Texas state court against R.W. Lange, Fidelity State Bank, and Michael Ramsey. The latter two have been dismissed from the lawsuit. The defendants removed the case to federal court, and the case was transferred to the District of Kansas, pursuant to 28 U.S.C. § 1404(a). The case is before the court on plaintiff's motion for partial summary judgment. (Doc. 89)

Defendants removed this action to federal court on the basis of the diversity of citizenship statute, 28 U.S.C. § 1332, which provides in relevant part:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of *$50,000* ..." (emphasis supplied).

In the pretrial order, plaintiff claims it is entitled to recover $23,000 in actual damages for breach of contract. Plaintiff has also sought recovery of the same $23,000 on a fraud theory, as well as $100,000 in punitive damages and $20,000 in attorneys fees.

Punitive damages are properly considered in determining whether the amount in controversy exceeds $50,000. *Loss v. Blankenship*, 673 F.2d 942, 951 (7th Cir.1982). However, under Kansas law, punitive damages are not recoverable for breach of contract. *Equitable Life Leasing Corp. v. Abbick*, 243 Kan. 513, 516, 757 P.2d 304 (1988). Punitive damages are allowed only if an independent

tort of fraud is proven. *Id.* "A breach of contract action cannot be turned into an action for fraud by merely alleging reliance on representations that the contract would be performed and detriment from its breach. (Citation omitted) The independent tort of fraud must cause damages beyond those suffered by breach of contract." *Heller v. Martin,* 14 Kan.App.2d 48, 54–55, 782 P.2d 1241 (1989).

 A review of the record indicates that the plaintiff does not allege its claim for fraud has caused damages beyond the $23,000 suffered as a result of the defendants' breach of contract. Absent a showing of damages beyond those suffered as a result of the breach of contract, plaintiff is not entitled to recover punitive damages. *Heller,* 14 Kan.App.2d at 55, 782 P.2d 1241.

A federal district court is required to remand an action to state court if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The parties are hereby given twenty days to show cause why this case should not be remanded to Texas state court for failure to satisfy the $50,000 amount in controversy requirement in 28 U.S.C. § 1332(a).

IT IS SO ORDERED.

### ORDER

The court issued an order on February 7, 1992, giving the parties twenty days to show cause why this case should not be remanded for failure to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. The time for responses has elapsed, and the court is now prepared to rule.

 Federal courts must construe the federal removal statute strictly, and doubts concerning removability are to be resolved against removal and in favor of remanding cases to state courts. *Commonwealth Film Processing v. Moss & Rocovich,* 778 F.Supp. 283, 286 (W.D.Va.1991); *Ala. Dept. of Env. Mgmt. v. Southern Clay & Energy,* 737 F.Supp. 80, 82 (N.D.Ala.1990). In its response, plaintiff has failed to cite to any authority justifying application of Texas law to this case. Furthermore, plaintiff's argument that it states a cause of action for punitive damages under Kansas law is erroneous.

In the absence of cause being shown, the court hereby orders the case remanded to Texas state court.

IT IS SO ORDERED.