**FARM BUREAU MUTUAL INSURANCE COMPANY, INC., Sphere Drake Underwriting Management Limited, and Terra Nova Insurance Company Limited, Plaintiffs,**

v.

**James M. EIGHMY and Eve B. Eighmy, Defendants.**

**Civ. A. No. 93–2487–GTV.**

United States District Court, D. Kansas.

March 8, 1994.

---

James L. Sanders, Karl W. Kuckelman, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for plaintiffs.

Christopher Barhorst, Kansas City, MO, H. Kent Desselle, Desselle Law Office, P.C., Independence, MO, for James M. Eighmy, Eve B. Eighmy.

Robert J. Bednar, Duncan, Senecal, Bednar & Asher, Atchison, KS, for Troy State Bank.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on plaintiffs' motion (Doc. 4) to remand the case to the District Court of Doniphan County, Kansas. Plaintiffs' also seek costs, including reasonable attorney fees, pursuant to 28 U.S.C. § 1447(c) for improper removal. For the reasons set forth below, the motion to remand is granted but the request for costs is denied.

### I. Background

Plaintiffs filed a petition for declaratory judgment in the District Court of Doniphan County, Kansas, on August 5, 1993. The action arises out of defendants' claims requesting coverage, under the provisions of insurance policies issued by plaintiffs, for losses that defendants sustained in a fire. Plaintiffs claim that defendants have breached material portions of the insurance policies thus precluding any coverage under them.

On August 16, 1993, Troy State Bank filed a motion to intervene on the basis that it has a security interest in the personal property and a mortgage on the real property covered by the insurance policies which are the subject matter of the plaintiffs' petition for declaratory judgment. In its answer to plaintiffs' petition, filed simultaneously with the motion to intervene, Troy State Bank claims that it was named as loss payee on the policy issued by Farm Bureau Mutual. Troy State Bank further claims that it should fall under the "Lender Loss Payable" provision of the policy which gives additional rights to designated secured creditors. Finally, Troy State Bank alleges that it has foreclosed its security interest in the personal property covered by the policies in controversy.

Plaintiffs responded to the motion to intervene on August 17, 1993. In their response, plaintiffs state that they have no objection to the motion to intervene to enable the bank to protect its interest, but plaintiffs do object to the bank raising issues not contained in the plaintiffs' petition for declaratory judgment. The state court did not rule on the motion to intervene prior to the removal action.

Defendants were finally served with a copy of the petition and summons on November 3, 1993, and on November 26, 1993, filed a Notice of Removal to this court pursuant to 28 U.S.C. § 1446. Plaintiffs filed their motion to remand on December 27, 1993. Plain-

tiffs contend that remand to state court is necessary because this court lacks jurisdiction and the defendants committed several mistakes in the removal process.

The pleadings and documents submitted in connection with the motion to remand reveal the following facts with respect to the issue of diversity jurisdiction. Plaintiff Farm Bureau Mutual Insurance Company, Inc. is incorporated in the state of Kansas and has its principal place of business in Kansas.[1] The other plaintiffs are foreign companies organized in London, England. Defendants are citizens of Missouri and have been since the original action was filed. Intervener Troy State Bank is a Kansas banking corporation with its principal place of business in Kansas.

## II. Discussion

■■■ A federal district court is required to remand an action removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c). When a party challenges removal and requests remand to the state court, the removing party has the burden of demonstrating that the removal was proper. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). The right of removal is generally determined from the record and the status of the pleadings at the time the petition for removal is filed. *American Fire Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Ruiz v. Farmers Ins. Co.,* 757 F.Supp. 1196, 1197 (D.Kan.1991).

■■■ In their Notice of Removal, defendants allege that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. It

is well established that when diversity of citizenship is the basis for removal jurisdiction, it must exist both at the time the original action is filed in state court and at the time removal is sought. *See Kellam v. Keith,* 144 U.S. 568, 12 S.Ct. 922, 36 L.Ed. 544 (1892); *Stevens v. Nichols,* 130 U.S. 230, 231, 9 S.Ct. 518, 518, 32 L.Ed. 914 (1889); *Bank IV Salina, N.A. v. Aetna Cas. & Surety Co.,* 783 F.Supp. 1315, 1316 (D.Kan.1992); *Ruiz,* 757 F.Supp. at 1197. Removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. 1441(b).

■■■ Based on the status of Troy State Bank as intervener, this court finds that it lacks jurisdiction and the case must be remanded.[2] The status of Troy State Bank at the time the removal petition was filed is somewhat clouded because the state court had not ruled on the motion to intervene. Nevertheless, the motion was filed more than three months prior to the removal petition and plaintiffs did not oppose the intervention. Further, there is little doubt that under Kansas rules of procedure Troy State Bank is entitled to intervene as a matter of right.

Kansas procedural rules closely track the Federal Rules of Civil Procedure. K.S.A. 60–224(a) provides, in part, that:

> anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter substantially impair or impede his ability to

---

1. *See* Plaintiff's Reply Memorandum in Support of Motion to Remand at 4. This assertion by plaintiffs is uncontested. In their Notice of Removal, defendants make an incomplete allegation of citizenship, stating that Farm Bureau "is an Iowa corporation doing business in the State of Kansas." For diversity purposes, a corporation is deemed a citizen of any state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The fact that a corporation "does business" in a particular state is irrelevant.

2. Plaintiffs raise several other arguments in favor of their motion to remand. Specifically, plaintiffs allege that: (1) this court lacks subject matter jurisdiction because defendants have failed to allege diversity of citizenship and failed to show that the amount in controversy exceeds $50,-000.00; (2) defendants failed to comply with the requirements of D.Kan. Rule 202(c); (3) defendants failed to comply with the requirements of D.Kan.Rule 202(d); and (4) all parties adverse to plaintiffs' cause of action have not consented to the removal. Because of the court's finding, these arguments will not be addressed.

protect that interest, unless the applicant's interest is adequately represented by existing parties.

Troy State Bank has shown that it has a substantial interest as a secured creditor in the property that is the subject of this action. The outcome of this case could substantially impair the bank's ability to protect that interest, and there is no evidence that the bank's interests will be adequately represented by any other party.

For these reasons, the court finds that Troy State Bank should be treated as a real party in interest in this case for purposes of this removal action even though its motion to intervene was not formally ruled on by the state court. As such, Troy State Bank should be considered a party-defendant since its interests are obviously opposed to those of the plaintiffs. Treating Troy State Bank as a defendant results in diversity jurisdiction being destroyed. The fact that Troy State Bank is deemed a Kansas citizen is fatal to the removal.

Although the court is granting the motion to remand, the court will deny plaintiffs' request for costs. An order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court has discretion to award costs, but this court finds that costs should not be awarded when removal is attempted in good faith. *See Ruiz*, 757 F.Supp. at 1197. The court recognizes that the status of the intervener was somewhat uncertain at the time of the removal. There is no evidence that the removal was not attempted in good faith.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiffs' motion to remand (Doc. 4) is granted.

IT IS FURTHER ORDERED that plaintiffs' request for fees and costs associated with the removal is denied.

IT IS FURTHER ORDERED that this action is remanded to the District Court of Doniphan County, Kansas.

Copies of this order shall be mailed to counsel of record for the parties. The clerk shall also mail a certified copy of this order to the clerk of the District Court of Doniphan County, Kansas.

IT IS SO ORDERED.