Richard ASTEN and Helen Carriger, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, a Missouri corporation, et. al., Defendants.

Don PAYNE, on behalf of himself and all others similarly situated, Plaintiffs,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Defendant.

Civil A. Nos. 95–2305–GTV, 95–2304–GTV.

United States District Court, D. Kansas.

Jan. 4, 1996.

David Mullies, Hudson & Mullies, Fort Scott, KS, David O. Danis, John J. Carey, Joseph P. Danis, Carey, Danis, L.L.C., Clayton, MO, for Don H. Payne.

Michael D. Moeller, William R. Drexel, Southwestern Bell Telephone Co., Topeka, KS, Robert L. Farmer, Larry D. Nuss, Nuss & Farmer, Fort Scott, KS, R. Lawrence Ward, Kirk J. Goza, William E. Quirk, Shughart, Thomson & Kilroy, Kansas City, MO, for Southwestern Bell Telephone Co.

Michael L. Sexton, Sexton, Shelor, Latimer & Pryor, LLP, Kansas City, MO, Rex Carr, Carr, Korein, Tillery, Kunin, Montroy & Glass, St. Louis, MO, for Richard Asten, Helen Carriger.

Michael D. Moeller, William R. Drexel, Southwestern Bell Telephone Co., Topeka, KS, Stephen M. Bledsoe, Shughart, Thomson & Kilroy, Overland Park, KS, R. Lawrence Ward, Kirk J. Goza, William E. Quirk, Shughart, Thomson & Kilroy, Kansas City, MO, Southwestern Bell Telephone Company, a Missouri Corporation.

Stephen M. Bledsoe, Shughart, Thomson & Kilroy, Overland Park, KS, Thomas A. Sheehan, R. Lawrence Ward, Kirk J. Goza, William E. Quirk, Shughart, Thomson & Kilroy, Kansas City, MO, for Southwestern Bell Corporation, a Delaware corporation.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

On October 17, 1995, the court issued an order directing defendant Southwestern Bell Telephone Company to show cause why

these cases should not be remanded to Kansas state court for lack of diversity jurisdiction. For the reasons set forth below, the court orders the cases remanded to Kansas state court.

Plaintiffs Asten and Carriger (Asten) originally filed Case No. 95–2305–GTV in the District Court of Wyandotte County, Kansas. Plaintiff Payne originally filed Case No. 95–2304–GTV in the District Court of Bourbon County, Kansas. On July 14, 1995, defendant Southwestern Bell Telephone Company filed a timely Notice of Removal in both actions pursuant to 28 U.S.C. § 1441(a). Defendant made conclusory allegations that the court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). However, the court noted in its order to show cause that defendant's Notice of Removal averred insufficient facts to satisfy the 28 U.S.C. § 1332(a) amount in controversy requirement.

Defendant responded (Doc. 30) to the court's order to show cause and maintains that the court has diversity jurisdiction. Defendant argues that the Asten and Payne complaints are plead as Rule 23(b)(3) class actions and seek similar relief: actual and compensatory damages, equitable and injunctive relief, and attorneys' fees. Asten's complaint also includes a request for punitive damages. Defendant contends that the court may obtain diversity jurisdiction by aggregating the claims for punitive damages and injunctive relief sought for the entire putative class to satisfy the amount in controversy requirement for each named plaintiff. Defendant also maintains that jurisdiction over the named plaintiffs allows the court to exercise supplemental jurisdiction over the putative class members pursuant to 28 U.S.C. § 1367(a).

Plaintiffs argue in their responses (Docs. 36 & 46) that it is impermissible in a class action for the court to aggregate claims to satisfy the amount in controversy requirement. Consequently, they contend that the court does not have diversity jurisdiction over the named plaintiffs or the putative class members, and that remand is appropriate.

A civil action is removable only if plaintiff could have brought it in federal court originally. 28 U.S.C. § 1441(a). The court is required to remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c).

Defendant has the burden of demonstrating that the court has original jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). The court must strictly construe the federal removal statute. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986); *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982); *J.W. Petroleum, Inc. v. R.W. Lange*, 787 F.Supp. 975, 977 (D.Kan.1992). Any doubts concerning removability must be resolved in favor of remanding the cases to state court. *J.W. Petroleum, Inc.*, 787 F.Supp. at 977.

The court determines defendant's right of removal by examining the record and the status of the pleadings at the time defendant filed its petition for removal. *American Fire Cas. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Farm Bureau Mutual Ins. Co., Inc. v. Eighmy*, 849 F.Supp. 40, 42 (D.Kan.1994) (court must have jurisdiction both at the time the original action was filed in state court and at the time defendant sought removal); *Ruiz v. Farmers Ins. Co.*, 757 F.Supp. 1196, 1197 (D.Kan. 1991). Although the citizenship of the parties is diverse, neither of plaintiffs' complaints reference the amount of relief requested. The court considers the allegations contained in plaintiffs' complaints to determine if the amount in controversy requirement is met.

Defendant contends that the court has diversity jurisdiction based on the request in the Asten complaint for punitive damages and the value of the injunctive relief requested in each of plaintiffs' complaints. It concedes that individual members of the putative class have only small amounts at stake and do not individually satisfy the jurisdictional amount. However, defendant seeks to aggregate the claims for punitive damages and

injunctive relief of the entire class to satisfy the amount in controversy requirement for the named plaintiffs.

Defendant first contends that plaintiffs' collective claim for punitive damages in the Asten complaint should be treated as a common fund and attributed to the class as a whole.[1]  Defendant argues punitive damages are intended as punishment for the harm it caused to all plaintiffs, and that it has no interest in how the damage award is allocated between individual plaintiffs.  Defendant maintains that the court has jurisdiction because there is not a legal certainty that the total award of punitive damages will be less than $50,000.00.

■■■  The court does not agree.  "Separate and distinct claims may not be aggregated to satisfy the jurisdictional requirement."  *Gallagher v. Continental Ins. Co.*, 502 F.2d 827, 831 (10th Cir.1974).  Defendant's argument conflicts directly with Supreme Court policy set forth in *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), which mandated that each member of a class independently must satisfy the "matter in controversy" requirement.  *Id.* at 301, 94 S.Ct. at 511–12.  If the claims of an individual plaintiff fall short of the jurisdictional amount, claims of multiple plaintiffs cannot be aggregated to satisfy the requirement.  *Id.; Goldberg v. CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (aggregation of attorneys' fees not allowed to satisfy jurisdictional amount); *Lindsey v. Alabama Telephone Co.*, 576 F.2d 593, 595 (5th Cir.1978) (court did not allow aggregation of punitive damages); *Visintine v. Saab Automobile A.B.*, 891 F.Supp. 496 (E.D.Mo.1995).

The court concludes that plaintiffs' claim for punitive damages in the Asten complaint does not satisfy the amount in controversy requirement.  In this case, the maximum amount of compensatory damages that an individual plaintiff might receive is less than $400.  Based on this award, the court finds that defendant has not met its burden of demonstrating that an individual plaintiff's punitive damage award would be more than $49,600.00.

Defendant also contends that plaintiffs' claim for injunctive relief satisfies the amount in controversy requirement.  Plaintiffs' complaints request that defendant notify the entire class concerning the true nature of the inside wire maintenance service agreements that are the subject of the parties' dispute.  Defendant claims that the cost of complying with plaintiffs' notice request would exceed $50,000.00, which gives the court diversity jurisdiction.  The court disagrees.

■  Defendant correctly argues that the court should consider the defendant's cost of complying with an injunction in determining the amount in controversy.  *See Justice v. Atchison, Topeka & Santa Fe Ry.*, 927 F.2d 503, 505 (10th Cir.1991); *Oklahoma Retail Grocers Ass'n v. Wal–Mart Stores, Inc.*, 605 F.2d 1155, 1160 (10th Cir.1979).  However, in addition to considering defendant's cost of compliance, the court also must adhere to the rule in *Zahn* that claims in a class action may not be aggregated to meet the amount in controversy requirement.  *See Copeland v. MBNA America, N.A.*, 820 F.Supp. 537 (D.Colo.1993) (cost of complying with injunctive relief may not be aggregated for putative class members).

■  The court concludes that the cost of injunctive relief for each member of the putative class may not be aggregated to satisfy

---

1.  The court notes that K.S.A. § 60–3703 prohibits a claim for punitive damages from being included in the petition.  This court has recognized that K.S.A. § 60–3703 does not apply to complaints originally filed in federal court on diversity grounds.  *See Pappe v. ACandS, Inc.*, No. 95–2175–GTV, 1995 WL 405107 (D.Kan. 1995).  However, a removal action requires the court to examine the sufficiency of the complaint at the time it was filed in state court, and under Kansas law it is a "legal impossibility for the petition to assert a claim for punitive damages."

*Barnes v. General Motors Corp.*, No. 93–1128–MLB, 1993 WL 245740, (D.Kan.1993) (removal action where court held that punitive damages could not be included in state court petition and, thus, could not be considered in amount in controversy calculation).  In this case, it is unnecessary for the court to determine that punitive damages are not properly included in plaintiffs' petition because of the court's finding that defendant cannot aggregate a claim for punitive damages to satisfy the amount in controversy requirement.

the amount in controversy requirement. The court concludes that the cost of the injunctive relief should be divided pro rata among all members of the class. Using defendant's own figures, its cost of compliance would be less than twenty cents per putative class member.

Finally, defendant claims that the court has diversity jurisdiction over the putative class members based on the 1990 amendments to 28 U.S.C. § 1367. Defendant argues that this amendment superseded the *Zahn* rule against aggregating claims in a class action. Defendant maintains that aggregating the claims of the putative class allows the court to exercise jurisdiction over the named plaintiffs, and further argues that the court's jurisdiction over the named plaintiffs also grants it supplemental jurisdiction over the remainder of the class pursuant to 28 U.S.C. § 1367.

As the court set forth above, it does not have diversity jurisdiction over the named plaintiffs. Under *Zahn*, the amount in controversy requirement for the named plaintiffs is not satisfied by aggregating putative class members' claims. The court's lack of diversity jurisdiction over the named plaintiffs renders any discussion of supplemental jurisdiction moot.

The court concludes that it does not have diversity jurisdiction in these actions. Plaintiffs' claims for punitive damages and injunctive relief may not be aggregated to satisfy the amount in controversy requirement for the named plaintiffs.

█ Plaintiff Payne requests his attorneys' fees and costs associated with defendant's improper removal. (Doc. 46) Plaintiff's request is denied. The court's order remanding an action "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, the court has discretion to award costs, and it finds that costs should not be awarded if removal is attempted in good faith. *Ruiz,* 757 F.Supp. at 1197. There is no evidence that defendant did not attempt to remove these actions in good faith.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff Payne's request (Doc. 46) for fees and costs associated with removal is denied.

IT IS FURTHER ORDERED that case no. 95–2304–GTV is remanded to the District Court of Bourbon County, Kansas.

IT IS FURTHER ORDERED that case no. 95–2305–GTV is remanded to the District Court of Wyandotte County, Kansas.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**