## FREDERICK & WARINNER, Plaintiff,

v.

## Sharon J. LUNDGREN, Victory "42," Inc., Volcano Communications Company, and The Volcano Telephone Company, Defendants.

### Civil Action No. 97–2112–EEO.

United States District Court,
D. Kansas.

April 28, 1997.

J. Nick Badgerow, Karen Kessler Cain, Spencer, Fane, Britt & Browne, Overland Park, KS, for plaintiff.

John J. Miller, Law Offices of John J. Miller, Overland Park, KS, Jeffrey F. Beck, Beck & Ackerman, San Francisco, CA, for defendants.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This breach of contract action was originally filed in the District Court of Johnson County, Kansas, and subsequently removed to this court by defendants, pursuant to 28 U.S.C. § 1441. This matter is before the court on plaintiff's motion to remand (Doc. # 5). Defendants have responded and oppose the motion. The motion is ready for ruling. For the reasons set forth below, plaintiff's motion is granted.

### I. Standards for Remand.

■ A civil action is removable only if plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). The court is required to remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c). Defendant has the burden of demonstrating that the court has original jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). Accordingly, the court must strictly construe the federal removal statute. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986); *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982); *J.W. Petroleum, Inc. v. R.W. Lange*, 787 F.Supp. 975, 977 (D.Kan. 1992). Any doubts concerning removability must be resolved in favor of remanding the case to state court. *J.W. Petroleum, Inc.*, 787 F.Supp. at 977.

■ The court determines defendant's right of removal by examining the record and the status of the pleadings at the time defendant filed its petition for removal. *Farm Bureau Mutual Ins. Co., Inc. v. Eighmy*, 849 F.Supp. 40, 42 (D.Kan.1994) (court must have jurisdiction both at the time the original action was filed in state court and at the time

defendant sought removal); *Ruiz v. Farmers Ins. Co.*, 757 F.Supp. 1196, 1197 (D.Kan. 1991).

### II. Discussion.

On March 3, 1997, defendants filed a notice of removal to federal court. Defendants premise federal jurisdiction upon 28 U.S.C. § 1332(a)(1), which provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States.

Defendants, in their notice of removal, state that "Plaintiff claims that Defendants owe Plaintiff an outstanding balance of $77,791.96. Defendants dispute that this amount is owned [sic] to Plaintiffs [sic]." Notice of Removal at ¶ 9.

Plaintiff concedes that complete diversity exists between plaintiff and all defendants in this case. Plaintiff asserts that diversity jurisdiction is lacking, however, because the amount in controversy does not exceed the statutory jurisdictional amount of $75,000, exclusive of interest and costs, required in diversity actions by 28 U.S.C. § 1332(a). Plaintiff notes that its prayer for relief requests "$65,336 in principal, plus prejudgment interest at 8 percent until the date of judgment, and post-judgment interest at the legal rate until paid." Petition, p. 9. Plaintiff asserts that the $77.791.96 cited by defendants as their basis for removal includes accrued interest on the $65,336.00 principal. Plaintiff argues that because the diversity statute defines the amount in controversy as "exclusive of interest and costs," the court cannot consider either accrued or accruing interest on the $65,336.00 principal in determining the amount in controversy.

■ Defendants present several arguments in support of removal. First, defendants maintain that the $75,000 amount in controversy is satisfied because Count III of plaintiff's pleading seeks the imposition of a trust on all proceeds of a previous $250,000 arbitration award. The court is not persuaded by this argument. Defendants fail to cite

a single authority to support this proposition. Plaintiff has not brought a claim to recover the entire value of the constructive trust; rather, plaintiff has requested the constructive trust as security to guarantee its recovery of the $65,366 at issue. We find, under the facts and circumstances of this case, that the amount in controversy should be determined from the plaintiff's claims, not from the "value" of the constructive trust.

Next, defendants argue:

> Although Plaintiff presumably seeks recovery only of the alleged [arbitration] award of its $56,700 in services and of post-judgment interest, this award and its interest also satisfy the amount in controversy. If a party seeks recovery of interest accrued on a judgment, that interest is included in the amount in controversy. 14A C. Wright, A. Miller & R. Marcus, *Federal Practice & Procedure,* § 3712, p. 182 (1994).

> Cal.Civ.Proc.Code § 685.010 (Exhibit C) establishes a 10 percent per annum post-judgment interest rate, and 10 percent accrued on Plaintiff's alleged principal of $56,700 since the August, 1990 judgment totals more than $88,000 in principal and interest. Thus, Count III of Plaintiff's complaint, on its face, establishes an amount in controversy of more than $75,-000 and authorizes removal of this action.

Defendants' Response Brief, at 2.

■ Defendants' reasoning is misplaced. While ample law exists to support the proposition that if the judgment in one action includes interest, the amount in controversy in a suit to recover on the prior judgment is measured by the amount of that first judgment, *including the interest, see, e.g.,* 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3712, p. 182 (1985); *San Juan Hotel Corp. v. Greenberg,* 502 F.Supp. 34 (E.D.N.Y.1980) (computation of amount in controversy in suit to recover on judgment included interest, where prior judgment provided for interest), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1762, 68 L.Ed.2d 241 (1981); *Phoenix Scotts–Sports v. Kadish,* 321 F.Supp. 556 (D.Alaska 1971) (same); *Richie v. Richie,* 186 F.Supp. 592 (E.D.N.Y.1960)

(same), such legal proposition is not implicated under the facts before us.

■ The foregoing cases all involved a party to an earlier judgment suing to recover on that judgment. Here, the plaintiff in the instant case was not a party to the arbitration award. Plaintiff, unlike the plaintiffs in the above-cited cases, is not suing to recover on a previous judgment entered on its behalf. In the arbitration action, Sharon Lundgren, one of the defendants in this case, brought an action against various relatives, seeking to enforce the terms of a Stock Transfer Agreement. The Superior Court of the State of California confirmed the arbitration award, and ordered that petitioner (Sharon Lundgren) recover against respondents (the relatives) the sum of $250,000.00 as attorneys' fees and costs in connection with the arbitration proceeding, plus interest from the date of the judgment until paid. *Lundgren v. Welch, et. al,* Case No. 920774 (Aug. 7, 1990). The California judgment is simply not this plaintiff's judgment to recover on, nor is plaintiff's present suit an action to recover on that judgment. Accordingly, defendants' argument must be rejected.

■ Finally, defendants argue in support of removal that plaintiff's claim for prejudgment interest should be included in the amount in controversy, because the interest is "an element of damage." Defendants' Response, at 2. Defendants rely upon 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3712, p. 181 (1985) to support this assertion. However, defendants fail to specifically articulate how the prejudgment interest plaintiff seeks in this case constitutes an "element of damages" as used in Wright & Miller. The section of the treatise to which defendants refer describes the very limited circumstances under which interest may be regarded as an element of damages:

> [T]here is the situation, . . . in which the interest is regarded as merely one of the elements of damage and is considered a part of the amount in controversy. For example, in a suit against a surety to recover on a supersedeas bond, by which the surety was bound to pay the judgment, interest, and costs, the amount in contro-

versy is the whole sum due from the surety, since interest was an element in calculating the obligation of the bond. Interest may also be included when it can be considered a penalty and therefore a damage element. Illustratively, if the judgment in one action includes interest, the amount in controversy in a suit on the judgment is measured by the amount of that first judgment, including the interest.

*Id.* at 181–82. Defendants have made no showing that the prejudgment interest sought by plaintiff in the instant suit falls within any of the above examples, or any analogous scenario. Plaintiff plainly states that it is not claiming either a contractually agreed upon penalty, nor a statutorily mandated penalty, either of which could be characterized as "elements of damages."

Plaintiff asserts that the prejudgment interest at issue in this case arose solely as a result of defendants' delay in payment on their obligations. Courts have defined the word "interest" in 28 U.S.C. § 1332(a) to mean, "a sum that becomes due because of delay in payment." *See, e.g., Principal Mutual Life Ins. Co. v. Juntunen,* 838 F.2d 942, 943 (7th Cir.1988) (citing *Velez v. Crown Life Ins. Co.,* 599 F.2d 471, 473–74 (1st Cir.1979)). Both parties attach to their briefing a chart entitled "Activity Report For Outstanding Balance Due From Sharon Lundgren ('Victory 42,' Inc.),'' reflecting a calculation of $65,336 in "principal," and a total sum of $77,791.96 for "principal and interest" due at the end of 1996. The interest amounts reflected on the chart support plaintiff's contention that they arise solely from a delay in payment and, as such, are properly excluded from the amount in controversy.

In sum, the court concludes that because diversity jurisdiction is lacking, and because there is no federal question upon which to premise subject matter jurisdiction, the case must be remanded to state court.

Plaintiff requests its attorneys' fees and costs associated with defendants' removal. An order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Prior to its amendment in 1988, section 1447(c) simply authorized payment of "just costs" when a case had been "removed improvidently and without jurisdiction." *Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 324 (10th Cir.), *cert. denied,* 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994). The statute was amended to remove the requirement that the case be removed improvidently and to add authority for an award of attorney's fees. *Id.* These revisions "have been interpreted to negate any requirement that the removal be in bad faith before fees can be awarded." *Id.*

The court, in its discretion, finds that defendants should pay plaintiff's costs incurred in obtaining this remand order. Plaintiff's request for an award of attorney's fees, however, will be denied.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. # 5) is granted. This case is hereby remanded to the District Court of Johnson County, Kansas.

IT IS FURTHER ORDERED that plaintiff's request for recovery of its costs and attorney's fees associated with obtaining this remand order is granted as to costs and denied as to attorney's fees.