GIRRENS, INC. and Dan and Jean Roff, on their own behalf and on behalf of all others similarly situated, Plaintiffs,

v.

SIMON DeBARTOLO GROUP, INC., d/b/a Simon Property Group, Inc., Simon Property Group, L.P., and M.S. Management Associates, Inc., Defendants.

Civil Action No. 96–4220–DES.

United States District Court,
D. Kansas.

Sept. 23, 1997.

under 28 U.S.C. § 1332(c)(1), its citizenship is diverse from that of plaintiffs.

Dennis J. Reynolds, Mark Parkinson, Lenexa, KS, D. Brian Hufford, New York City, for Plaintiffs.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' Motion to Remand to State Court (Doc. 9). For the reasons set forth below, plaintiff's motion is granted.

### I. INTRODUCTION

On November 20, 1996, plaintiffs filed a class action complaint in the Civil Court Department of the District Court of Shawnee County, Kansas. Plaintiffs alleged one claim for breach of contract against defendants Simon DeBartolo Group, Inc., d/b/a Simon Property Group, Inc., Simon Property Group, L.P., and M.S. Management Associates, Inc. ("SDG"). Plaintiff claimed that over the course of several years, SDG improperly calculated common area maintenance charges to be passed through to their tenants, pursuant to their lease contracts, resulting in overcharges to plaintiffs and to all members of the class they seek to represent. Plaintiffs sought compensatory damages and injunctive relief.

On December 16, 1996, SDG filed a notice of removal to federal district court pursuant to 28 U.S.C. §§ 1441(a) and 1446, alleging that the federal district court had original diversity jurisdiction over the action. Plaintiffs contend SDG's notice of removal was improper because this court has no basis for jurisdiction. Although plaintiffs concede there is complete diversity between the parties, they nevertheless contend that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332.

### II. DISCUSSION

◼◼◼ A civil action is removable from state to federal court only if the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). The federal district court must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c). The "defendant has the burden of demonstrating that the court has original jurisdiction," *Asten v. Southwestern Bell Telephone Co.,* 914 F.Supp. 430, 432 (D.Kan.1996) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)), and the court "must strictly construe the federal removal statute." *Asten,* 914 F.Supp. at 432 (Citing *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Fajen v. Foundation Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir.1982); *J.W. Petroleum, Inc. v. R.W.*

*Lange,* 787 F.Supp. 975, 977 (D.Kan.1992)). "Any doubts concerning removability must be resolved in favor of remanding the cases to state court." *Asten,* 914 F.Supp. at 432 (citing *J.W. Petroleum, Inc.,* 787 F.Supp. at 977).

Defendant contends that the court has diversity jurisdiction because the amount in controversy exceeds $75,000 based on the value of the injunctive relief sought by plaintiffs. Defendants acknowledge that the members of the putative class do not individually satisfy the jurisdictional amount. However, defendants seek to aggregate the claims for injunctive relief of the entire class to satisfy the amount in controversy requirement for the named plaintiffs. According to defendants, if injunctive relief, as prayed for by plaintiffs were granted, defendants would bill and collect at least one million dollars per year less than under the method of billing defendants are currently using. Thus, defendants reason, the amount in controversy requirement is easily exceeded for plaintiffs' injunction claim.

 In diversity cases involving class members with separate and distinct claims, each class member must individually satisfy the amount in controversy requirement of 28 U.S.C. § 1332. However, where a class seeks to enforce " 'a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.' " *Zahn v. International Paper Co.,* 414 U.S. 291, 294, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1973) (quoting *Troy Bank of Troy, Indiana v. G.A. Whitehead & Co.,* 222 U.S. 39, 40—41, 32 S.Ct. 9, 9, 56 L.Ed. 81 (1911); *see Henkel v. ITT Bowest Corp.,* 872 F.Supp. 872 (D. Kan.1994)). Defendants concede that plaintiffs' damage claims may be not aggregated, but contend that the court may aggregate the individual claims of the plaintiffs with respect to injunctive relief. Defendants suggest that this would not be contrary to *Zahn* because, unlike the present case, that case did not involve plaintiffs seeking injunctive relief. Defendants also suggest that the

amount in controversy may be established by considering the defendants' cost of complying with the plaintiffs' requested injunction. Defendants rely on *Justice v. Atchison, Topeka and Santa Fe Ry. Co.,* 927 F.2d 503 (10th Cir.1991) to support these arguments.

The court agrees with defendants that, in some cases, the amount in controversy may be established by considering the defendants' cost of complying with the injunction. It does not follow, however, that defendants may attempt to meet the amount in controversy by aggregating plaintiffs' separate and distinct claims for injunctive relief. Nor does the *Justice* case hold otherwise. The decision in that case was not based on an aggregation of separate and distinct claims for injunctive relief. Instead, each plaintiff in that case shared a common interest in the same injunctive remedy—compelling the defendant to eliminate a public nuisance by rebuilding certain structures. Accordingly, each plaintiff individually satisfied the amount in controversy and aggregation was unnecessary.

The court is not persuaded by defendants' attempts to distinguish monetary damages from injunctive relief for the purpose of aggregating claims to meet the amount in controversy requirement of 28 U.S.C. § 1332. Accordingly, the court finds that defendants may not attempt to meet the amount in controversy by aggregating the individual claims of the plaintiffs, whether such claims are for monetary damages or injunctive relief. The court notes that this finding comports with the Tenth Circuit's decision in *Lonnquist v. J.C. Penney Co.,* 421 F.2d 597 (10th Cir.1970). In *Lonnquist,* the court noted that the plaintiffs were asserting separate and distinct claims that could not be aggregated. *Id.* The *Lonnquist* court held that "the threshold question is aggregation, and it must be resolved affirmatively before total detriment can be considered." *Id.* at 599. *See Copeland v. MBNA America, N.A.,* 820 F.Supp. 537 (D.Colo.1993) ("Before a court may consider total detriment as the basis for satisfying the amount in controversy requirement in a class action case, it must first

determine whether the class members' claims may be aggregated.").

■ In this case, the amount in controversy requirement of 28 U.S.C. § 1332 can only be satisfied by aggregating plaintiffs' claims for injunction. The question, then, is whether such aggregation would be proper. "Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris,* 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969); *see Zahn v. International Paper Co.,* 414 U.S. at 294, 94 S.Ct. at 508. Defendants contend that plaintiffs seek "vindication of a common interest" because the injunctive relief sought depends on the interpretation of a particular provision in lease contracts allegedly common to all of defendants' retail tenants. The court disagrees. Although the contract terms in issue may be identical, and the circumstances of the alleged breach the same, the plaintiffs are not parties to the same contract. Plaintiffs' have not united to vindicate a "common, joint, integrated, or undivided" right. Rather, each class member seeks to enforce its own separate contract and have united merely for convenience and economy. Since aggregation of plaintiffs' claims for injunction would not be proper, diversity jurisdiction may not, therefore, be based on the cost of complying with plaintiffs' requested injunction. Accordingly, there is no diversity jurisdiction and removal was inappropriate.

■ Plaintiffs also seek, pursuant to 28 U.S.C. § 1447(c), an award of attorney's fees and costs incurred by plaintiffs as a result of defendants' improper removal of this action. Plaintiffs argue that such an award is particularly justified in this case because of the existence of clear precedent in the Tenth Circuit against removal under defendants' legal theory. Pursuant to 28 U.S.C. § 1447(c), an order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "While section 1447(c) places no substantive restrictions on this courts discretion to allow costs," *Ruiz v. Farmers Ins. Co.,* 757 F.Supp. 1196, 1197 (D.Kan.1991), the court finds that awarding attorney's fees in this case would be inappropriate in light of the absence of any evidence that defendants acted in "in bad faith, vexatiously, wantonly, or oppressively." *See Armstrong v. Goldblatt Tool Co.,* 609 F.Supp. 736 (D.Kan.1985). However, because defendant removed this action "improvidently and without jurisdiction," defendant will be ordered to pay plaintiffs' costs incurred in obtaining this remand order. 28 U.S.C. § 1447(c); *Cornwall v. Robinson,* 654 F.2d 685, 687 (10th Cir.1981).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiffs' Motion to Remand to State Court (Doc. 9) is granted. This action is hereby remanded to the District Court of Shawnee County, Kansas, for all further proceedings.

**IT IS FURTHER ORDERED** that plaintiffs' request for recovery of costs and attorney's fees in obtaining this remand order is granted as to plaintiffs' costs and denied as to plaintiffs' attorney's fees.